NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1457 consolidated with 10-1458


STEVEN RAY HALL, SR.

VERSUS

ALICIA JOHNSON BUTLER

consolidated with

STEVEN RAY HALL, SR.

VERSES

LORI HARPER


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 114370 C/W 114371
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

AFFIRMED.

**Alicia Johnson Butler**
**Attorney At Law**
**P. O. Box 9097**
**New Iberia, LA 70562**
**(337) 369-3323**
**Counsel for Defendant Appellee:**
**Alicia Johnson Butler**

**Frank Edward Barber**
**Attorney At Law**
**116 Field St.**
**New Iberia, LA 70560-4487**
**(337) 256-8370**
**Counsel for Defendant Appellee:**
**Lori Harper**

**Steven Ray Hall, Sr.**
**In Proper Person**
**320 Country Run Drive**
**Broussard, LA 70518**
**(337) 207-2235**
**Counsel for Plaintiff Appellant:**
**Steven Ray Hall, Sr.**

**SAUNDERS, Judge.**

This is a case of a former client filing suit against his former attorney and his former attorney's office assistant. The former client claimed that made four cash payments as a deposit for a retainer, but his account was never credited with those payments.

The trial court granted the former attorney and her office assistant's motion for involuntary dismissal at the close of the former client's case-in-chief. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

In July of 2008, Steven R. Hall (Hall) had an initial office consultation with attorney Alicia Butler (Butler). Hall wanted to retain Butler to represent him in a family matter not relevant to these proceedings. Based on Hall's relation of the events of that family matter, Butler told Hall that an $8,000.00 retainer was necessary for her to perform the services and that she would not begin working on his case until he had paid half of that sum, $4,000.00. In the time between Hall and Butler's initial consultation, Butler looked into the status of Hall's family law case and found that Hall's version of its status was not accurate.

Meanwhile, Hall made two cash payments for which he received a receipt, one in the amount of $1,500.00, the other for $620.00, for a total of $2,120.00. Those payments were made to one of Butler's office assistants and are not the center of this dispute. However, according to Hall, he thereafter made four other payments to Butler's office assistant, Lori Harper (Harper) in an effort to reach the $4,000.00 necessary for Butler to begin working on his family matter. Hall alleges that he gave Harper four other cash payments for which he did not receive a receipt, nor did he receive credit towards his account. The amounts of those alleged payments are $1,700.00, $800.00, $700.00, and $740.00 for a total of $3,940.00.

In September of 2008, Hall went into Butler's office with family matter files in hand. According to Hall, he did so because he believed that he had given Butler $6,060.00 ($2,120.00 + $3,940.00), i.e., more than the required $4,000.00 necessary for Butler to begin working on his family matter.

Butler looked to her accounting record related to Hall, and it did not indicate that he made the four alleged payments totaling $3,940.00. Butler relayed these findings to Hall and told Hall that she would look into the four payments that he allegedly made to Harper. According to Butler, she did look into the alleged payments and found that they had never been made to Harper.

Eventually, Hall fired Butler, and he filed a pro se suit in small claims court against Butler and Harper alleging that one or the other had absconded with his money. A trial was held on June 16, 2010. At the close of Hall's case-in-chief, Butler and Harper moved for an involuntary dismissal. The trial court granted the motion based on its finding that Hall could not carry his burden of proof. Hall now appeals that judgment.

**ASSIGNMENT OF ERRORS AND MOTION TO DISMISS APPEAL:**

Hall has failed to properly construct a brief that raises any assignments of error. Butler has filed a motion to dismiss this appeal based upon Hall's failure to follow the Uniform Rules for submission of a brief. While there may be merit in Butler's motion, given that Hall is representing himself in this appeal, in an abundance of caution and in the interest of justice, we will deny Butler's motion and conduct a general review of the trial court's involuntary dismissal of Hall's case.

**STANDARD OF REVIEW:**

This court, in *Gauthier v. City of New Iberia*, 06-341, p. 3 (La.App. 3 Cir.

2

9/27/06), 940 So.2d 915, 918, discussed the applicable standard of review:

> [t]he trial court's grant of an involuntary dismissal is subject to the well-settled manifest error standard of review. [*Kite v. Carter*, 03-378 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271]. Accordingly, in order to reverse the trial court's grant of involuntary dismissal, we must find, after reviewing the record, that there is no factual basis for its finding or that the finding is clearly wrong or manifestly erroneous.

## DISCUSSION OF THE MERITS:

Louisiana Code of Civil Procedure Article 1672(B) states:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

Hall's claim against Butler and Harper is that one or the other owes him reimbursement for money he allegedly gave to Harper while she was employed by Butler. Hall, as plaintiff in this matter, has the burden to prove that he gave the money to Harper, and neither Butler or Harper properly credited Hall for those payments. The following exchange took place between Harper and Hall when he was cross examining her regarding the alleged missing money:

Q    Once again[,] I remind you that you are under oath, and the question I asked you about the funds that disappeared, the $1,700.00, the $800.00, the $700.00, and the $740.00.

A    I do not remember receiving the payments. And if I had received the payments, there would be record of it.

Q    Do you remember stating the copy machine was out of order?

A    No, I do not.

Q    Do you remember looking for your receipt book and not being able to find it?

3

A        No, I do not.

Q        And do you not remember saying that you would mail a receipt to me in the mail?

A        No, I do not, because that was not our practice.  I would have handwritten a receipt on a sheet of paper if need be.

Given Harper's testimony above, there is a factual basis for the trial court to find that Hall never gave Harper any of the alleged payments.  Hall proving that he gave those alleged payments to Harper is absolutely necessary for Hall to carry his burden of proof in the entire case.  Thus, the trial court has a reasonable basis for finding that Hall cannot carry his burden of proof and dismiss Hall's claims via involuntary dismissal.

Moreover, the trial court questioned Hall regarding the alleged payments.  Hall's testimony was problematic.  Hall testified that he brought these four alleged payments probably at least two weeks apart each time.  He also testified that these four alleged payments all occurred after the two payments for which he received a receipt.  This would translate to at least eight weeks between Hall's last receipt for a payment and Hall's firing of Butler.  However, the record clearly indicates that only twenty days transpired from Hall's last alleged payment and his firing of Butler.  When questioned about the apparent time inconsistencies, Hall responded that due to psychiatric and pain killing medications, his memory was not reliable.

Hall champions the fact that he has a witness to his making at least one of these payments.  While Hall's witness somewhat corroborated a portion his testimony, the standard of review applicable to this case is manifest error.  The record before us reveals a reasonable basis for the trial court's grant of Butler and Harper's motion for involuntary dismissal.  Accordingly, we affirm the trial court's judgment and tax all

4

costs of these proceedings to Hall.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules –Courts of Appeal, Rule 2–16.3.